DOWNEY, Judge.
These consolidated appeals involve the validity of the award of an attorney’s fee as a sanction resulting from a motion to compel discovery.
Appellees obtained a substantial judgment against appellants. A petition for rehearing was denied and on plenary appeal the judgment for appellees was reversed.[1]
Shortly after the judgment for appellees was entered appellees filed interrogatories in aid of execution. Appellants’ objections to interrogatories were denied which ruling was affirmed on interlocutory appeal. Thereafter, without answering any of the interrogatories or producing the material demanded as to which no objection was made, appellants filed a motion in the circuit court for clarification and protection. Thereupon, appellees moved for an order compelling discovery and for sanctions.
The circuit court partially granted appellants’ motion for clarification and directed appellants to comply with the discovery requests within thirty days of the order granting the motion for clarification. The court also reserved ruling on the motion for sanctions. In due course the court entered an order awarding appellees reasonable attorney’s fees of $750 pursuant to Florida Rule of Civil Procedure 1.380(a)(4). It is that order appellants seek to have reviewed.
Appellants contend the circuit court simply could not impose sanctions upon them for non-compliance with discovery because it entered an order allowing appellants thirty days to comply. Thus, it is contended that appellants had violated no court order. However, a court order is not a condition precedent to authorize imposition of sanctions. Rule 1.380(a)(4), Florida Rules of Civil Procedure. The matters raised by appellants in their motion for clarification and their response to request for production and interrogatories did not absolve appellants from answering interrogatories and producing material as to which they made no objection. Considering these defaults in the context of appellees’ effort to obtain discovery over a period of two years since entry of the final judgment, *115 we cannot say the trial judge abused his discretion in entering this modest attorney’s fee as a sanction.
Accordingly, the order appealed from is affirmed.
AFFIRMED.
LETTS, C. J., and MOORE, J., concur.

. The final judgment was reversed by this court in Alexander/Davis Properties, Inc. v. Graham, 397 So.2d 699 (1981). However that reversal does not affect the validity of the order under review since the appellees were acting within their rights in seeking to execute the judgment.